```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
IN RE EX PARTE APPLICATION OF TAMAR                           :
PERRY, ET AL., FOR JUDICIAL ASSISTANCE                        :
PURSUANT TO 28 U.S.C. § 1782.                                 :
                                                              :
                                                              :
                                                              :
-------------------------------------------------------------- X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/7/2019__
```

19 Misc. 42 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Applicants Lilly Perry, Tamar Perry, Gal Greenspoon-Perry, Dan Greenspoon, Ron Greenspoon, and M.G., a minor acting through her father Hagai Greenspoon, request an order of judicial assistance pursuant to 28 U.S.C. § 1782.

WHEREAS, Section 1782 contains three statutory requirements: "(1) . . . the person from whom discovery is sought reside[s] (or [is] found) in the district of the district court to which the application is made, (2) . . . the discovery [is] for use in a proceeding before a foreign tribunal, and (3) . . . the application [is] made by a foreign or international tribunal or any interested person." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018) (internal quotation marks omitted) (alterations in original). "Once the statutory requirements are met, a district court may order discovery under § 1782 in its discretion, taking into consideration the 'twin aims' of the statute, namely, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015). The Supreme Court has identified four additional factors:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive

or burdensome.

*Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (internal quotation marks omitted).

WHEREAS, "[A] Section 1782 applicant must establish that he or she has the practical ability to inject the requested information into a foreign proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). "Without some means of injecting the evidence into the proceeding, a § 1782 applicant cannot show that it has a role in the proceeding, such that it may 'use' the information, or, as we have recently said, employ it 'with some advantage.'" *Certain Funds*, 798 F.3d at 120. "A mere showing that discovery sought would be 'useful' to applicants, without an ability to introduce the information into evidence in a foreign proceeding, is not enough." *In re China Petrochemical Dev. Corp.*, No. 17 Civ. 2138, 2018 WL 1320665, at *2 (D. Conn. Mar. 14, 2018) (citing *In re Accent Delight Int'l*, 869 F.3d at 131).

WHEREAS, Applicants have failed to show that they meet the "for use" requirement. Although Applicants assert that they initiated a criminal complaint and have joined as private parties asserting a claim for damages, they have not shown a means for Applicants to inject evidence into the Liechtenstein proceeding. It is hereby

**ORDERED** that Applicants' request for an order of judicial assistance pursuant to 28 U.S.C. § 1782 is DENIED without prejudice because Applicants have failed show that they meet the "for use" requirement of 28 U.S.C. § 1782.

If Applicants seek to amend the Petition and supporting papers, they may file their updated papers by March 18, 2019, including proposed subpoenas rather than a request to appoint a Commissioner of the Court.

The Clerk of Court is directed to close the motion at Docket Number 1.

Dated: March 7, 2019
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**